IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00884-CMA-KLM

WILLIAM MICHAEL SMITH, and
DOUBLE DIAMOND MECHANICAL CONTRACTING SALES & SERVICES, INC.,

      Plaintiffs,

v.

STARWOOD ASPEN REALTY, LLC,
STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and
COLORADO RSA NO. 3 LIMITED PARTNERSHIP D/B/A VERIZON WIRELESS, doing
business as Verizon Wireless,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant RSA No. 3 Limited Partnership d/b/a Verizon Wireless' ("Defendant Verizon") **Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) on Plaintiff's Breach of Contract Claim** [Docket No. 21; Filed August 13, 2012] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion was referred to this Court for recommendation [#23].  Plaintiff Double Diamond Mechanical Contracting Sales & Services, Inc. ("Double Diamond") filed a Response [#27] in opposition to the Motion on September 10, 2012.  Defendant Verizon filed a Reply [#28] on September 13, 2012.  The Court has reviewed the Motion, the Response, the Reply, the case file, and the applicable law, and is

sufficiently advised in the premises.  For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendant Verizon's Motion [#21] be **GRANTED** and that Plaintiff Double Diamond be **DISMISSED** from this case.

## I.  Summary of the Case

Plaintiffs filed this lawsuit on April 4, 2012.  *See Compl.* [#1].  They assert a total of four claims, only one of which is at issue in the instant Motion.  *Id.* ¶¶ 24-59.  In Claim Four, brought only by Plaintiff Double Diamond against only Defendant Verizon, Plaintiff Double Diamond asserts a breach of contract claim.  *Id.* ¶¶ 48-59.    This is the only claim made by Plaintiff Double Diamond against any party.

Plaintiff Double Diamond alleges that it had a contract with Defendant Verizon, in which Plaintiff Double Diamond would perform annual maintenance and servicing of numerous cell sites.  *Id.* ¶ 49.  Plaintiff Double Diamond had performed this work for Defendant Verizon since 1998.  *Id.* ¶ 50.  In August 2003, the parties first entered into a written contract, wherein they agreed to the annual maintenance and servicing of thirty-three sites at a rate of $475.00 per site.  *Id.* ¶ 51.  Plaintiff Double Diamond avers that each party honored this contract.  *Id.* ¶ 52.  In June 2006, the parties agreed in writing to increase the rate per site to $500.00.  *Id.*  The number of cell sites varied somewhat over the years and some sites were serviced twice a year.  *Id.* ¶ 53.  Plaintiff Double Diamond avers that there were no issues with the performance of the agreement until September 2010.  *Id.* ¶ 54.  That month, counsel for Plaintiffs sent a letter to Defendant Verizon to inform it that Plaintiff William Michael Smith ("Smith"), the President of Double Diamond,

had retained counsel to represent him against Defendant Verizon for injuries he sustained at a cell site on April 12, 2010.  *Id.* ¶ 55.  Defendant Verizon thereafter refused to allow Double Diamond employees access to any of its cell sites, which Plaintiff Double Diamond claims was in breach of the parties' contract.  *Id.* ¶ 56.  Based on these facts, Plaintiff Double Diamond seeks compensation in the form of lost revenues and lost profits.  *Id.* ¶ 59.

## II.  Standard of Review

The purpose of a Rule 12(c) motion is "to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings." *Kellar v. U .S. Dep't of Veteran's Affairs*, No. 08-cv-00761-WYD-KLM, 2009 WL 1706719, at *1 (D. Colo. June 17, 2009) (citing 5C Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1367 (3d ed.)).  Generally, a motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same legal standard as a motion for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6).  *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).  However, "[a] motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Kellar*, 2009 WL 1706719, at *1 (internal quotation and citation omitted).

When reviewing a Rule 12(c) motion, "all well-pleaded material allegations of the opposing party's pleading[s] are to be taken as true, and all allegations of the moving party

[that] are denied are taken as false." *Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995) (citation omitted). "Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters ., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted).

## III. Analysis

Defendant Verizon argues that Plaintiff Double Diamond cannot show that it breached the contract. *Motion* [#21] at 4-6. Specifically, Defendant Verizon argues that the agreement contains no provision defining the term of employment of Plaintiff Double Diamond as anything other than at-will.[1] *Id.* at 4-5. Plaintiff responds that it need only provide basic allegations for a breach-of-contract claim. *Response* [#27] at 2-4.

Pursuant to Colorado law, the elements for breach of contract are: (1) existence of a contract; (2) performance by the plaintiff (or justification for nonperformance); (3) failure of the defendant to perform the contract; and (4) damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). For the purpose of the present Motion only, Defendant Verizon does not contest that there was a contract with Plaintiff Double Diamond. *Motion* [#21] at 4 n.3. There also appears to be no issue regarding whether Plaintiff Double Diamond adequately alleged that it performed its obligations under the

---

[1] Defendant Verizon also argues that there was no breach of any implied contractual duty. *Motion* [#21] at 5-6. Plaintiff Double Diamond does not respond to this argument, and the Complaint does not explicitly state that Plaintiff Double Diamond is making such a claim. Accordingly, the Court finds that Plaintiff Double Diamond has waived this argument. *See Cole v. New Mexico*, 58 Fed. App'x 825, 829 (10th Cir. 2003) (holding that, "by failing to raise the issue in his initial response to the . . . motion to dismiss, [the plaintiff] has waived the argument").

contract.  *See Compl.* [#1] ¶¶ 52, 54.    The parties also do not argue that, if sufficient allegations for a breach-of-contract claim are demonstrated, Plaintiff Double Diamond has adequately alleged that it suffered monetary damages.  *See id.* ¶ 59.  The only issue appears to be whether Defendant Verizon failed to perform its obligations under the contract.  Because Defendant denies that it breached the contract, the Court presumes for purposes of the Motion that the allegation is false, and proceeds to determine whether Defendant is entitled to judgment as a matter of law. *Park Univ. Enters., Inc.*, 442 F.3d at 1244.

Plaintiff Double Diamond states that Defendant Verizon breached the contract by refusing to allow Double Diamond employees to access and serve any of its cell sites. *Compl.* [#1] ¶ 56.  Defendant Verizon argues that it did not breach the contract but, rather, it terminated the contract in a permissible manner because the agreement was terminable at will.  *Motion* [#21] at 4-5.  Plaintiff Double Diamond responds that its statement in the Complaint is enough for the claim to survive the Motion and further argues that the contract does not explicitly provide that it is terminable at will and therefore extrinsic evidence may be admitted to determine whether the contract was for a definite term.  *Id.* at 4.  In other words, Plaintiff Double Diamond argues that the contract is, at a minimum, ambiguous with respect to its term.  *Id.* at 5.

"A contract terminable at will is one that may be terminated at any time without legal consequence; that is, there is no breach if the contract is terminated."  *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1197 (Colo. App. 2009) (quoting *Mem'l Gardens, Inc. v.*

*Olympian Sales & Mgmt. Consultants, Inc.*, 690 P.2d 207, 210 (Colo. 1984)).  "Absent an express contract providing otherwise, Colorado law presumes the employment relationship to be terminable at will by either party without liability."[2]  *Jaynes v. Centura Health Corp.*, 148 P.3d 241, 243 (Colo. App. 2006) (citing *Con't Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987)).[3]  The parties agree that there is no express provision in the contract defining its term.  Plaintiff Double Diamond's argument that the absence of a termination provision makes the contract ambiguous "[g]iven the parties['] extensive work history dating back to 1998 [and] the fact that Double Diamond had been performing annual maintenance and servicing under the contract every year since 2003" is unavailing in light of Colorado law, which presumes that an employment agreement is terminable at will unless it expressly indicates otherwise.  *See Jaynes*, 148 P.3d at 243.

Plaintiff Double Diamond relies heavily on *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909 (Colo. 1996) for the proposition that extrinsic evidence may be admitted "to determine whether a contract of employment is for a definite term, when the term remains undefined," where the contract sets forth an annual salary rate.  *Response* [#27] at 4.  The facts of *Dorman* are distinguishable from those of the present case, however.  First, unlike the facts in *Dorman,* Plaintiff Double Diamond performed annual maintenance on cell sites but was

---

[2]  The parties do not argue the point of whether Plaintiff Double Diamond was an employee or an independent contractor of Defendant Verizon; rather, they proceed under the assumption that they had an employment relationship and only cite to and apply employment contract law.

[3]  Although there are common law exceptions to this presumption, such as termination in violation of public policy, Plaintiff Double Diamond has not asserted any recognized exception.  *See Jaynes*, 148 P.3d at 243.

paid a fixed sum for each site on which it performed maintenance.  *Compl.* [#1] ¶¶ 51-52. There was no annual salary rate defined in the contract.  More importantly, in *Dorman* the Colorado Supreme Court held that the employment agreement at issue was "fairly susceptible to more than one interpretation regarding [the] term of employment."  In support of its conclusion that the agreement was ambiguous, the Court relied on multiple provisions of the contract at issue, including the fact that it explicitly gave the employee a right to purchase stock options at a future date, listed salaries applicable to specific years in the future, and included other references to the employee's long-term employment status. *Dorman*, 914 P.2d at 912.  Here, the only words in the contract which lend support to the contention that it is ambiguous are "once per year," as they are used in the following statement: "The following maintenance tasks will be performed on each of these units once per year." [#21-1].   The contract contains no other language which could in any way be construed as related to its term.

"In determining whether a contractual provision is ambiguous, 'the instrument's language must be examined and construed in harmony with the plain and generally accepted meaning of the words used,' with reference to all of the agreement's provisions. . . ." *Id.* .  The plain meaning of the referenced language is to define the time period within which each of the tasks specified in the contract must be performed.  On its face, this language says nothing about how long the contractual agreement will last or when the contract will end; it merely defines the scope of performance so long as the contract is in effect; that is, so long as it has not been terminated.  To read the words "once per year" to

create ambiguity regarding the term of the agreement strains the holding of *Dorman* to the breaking point. Colorado law does not support the notion that the quoted language creates ambiguity about the term of the agreement.   Instead, Colorado law requires that the agreement be interpreted in accordance with its plain language.  Here, taken as a whole, there is no language which suggests that the contract was for a fixed term. On its face, the contract is not ambiguous, and extrinsic evidence should not be allowed.  *See Fire Ins. Exchange v. Rael by Rael*, 895 P.2d 1139, 1142 (Colo. App. 1995) (citing *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 577 P.2d 748 (1978).  The contract is terminable at will.

As a matter of law, a terminable-at-will contract does not support a breach-of-contract claim under these circumstances.   Accordingly, the Court **recommends** that Defendant Verizon's Motion be **granted** pursuant to Fed. R. Civ. P. 12(c).

### IV.  Conclusion

The Court respectfully **RECOMMENDS** that Defendant Verizon's Motion [#21] be **GRANTED** and that Plaintiff Double Diamond be **DISMISSED** from this case.[4]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo

---

[4] Plaintiff Smith's claim against Defendant Verizon is not affected by this Recommendation. The breach-of-contract claim against Defendant Verizon was the only claim made by Plaintiff Double Diamond.

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).    A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 11, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge